UNITED STATES of America,

v.

Awilda ORTIZ, Defendant.

Criminal Action No. 98–371–3.

United States District Court,
E.D. Pennsylvania.

Jan. 6, 1999.

**470**

Dina A. Keever, U.S. Attorney's Office, Philadelphia, PA, for plaintiff.

Luis Ortiz, Defenders' Association, Philadelphia, PA, for defendant.

### MEMORANDUM & ORDER

KATZ, District Judge.

The defendant Awilda Ortiz pled guilty before this court on October 7, 1998 to conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846. This plea included a stipulation that the drug quantity involved was more than 500 grams but less than 1.5 kilograms of crack cocaine, an amount that placed Ms. Ortiz's base of-

fense level under the Sentencing Guidelines at 36.[1] Under the statute, Ms. Ortiz faces a mandatory minimum of ten years imprisonment with a possible maximum sentence of life imprisonment. The presentence report in this case suggests that the defendant receive a sentence of imprisonment of 168 months for a total base offense level of 35: it reached this number by applying a two level enhancement for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1) and a three level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.[2]

Based upon the submissions of parties, three adjustments are now at issue: the applicability of a mitigating role adjustment, the appropriateness of an enhancement for possession of a firearm, and the applicability of the safety valve provisions of U.S.S.G. § 5C1.2.[3]

*Mitigating Role Adjustment*

The Sentencing Guidelines permit the court to apply a downward adjustment of two, three, or four levels based on the defendant's mitigating role. If the defendant was a minimal participant, a four level decrease is appropriate; if the defendant was a minor participant, the court may grant a two level decrease. *See* U.S.S.G. § 3B1.2. In cases falling between those two situations, the court may apply a three level adjustment. *See id.* The commentary states that a minimal participant adjustment generally applies to those individuals who lacked "knowledge or understanding of the scope and structure of the enterprise and of the activities of others." U.S.S.G. § 3B1.2(a) app. note 1. In contrast, a "minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2(b) app. note 2.

■ Unsurprisingly, such determinations are "heavily dependent upon the facts of the

---

1. A base offense level of 36 with no criminal history points creates a sentencing range of 188 to 235 months.

2. The sentencing range for offense level 35 with no criminal history points is 168 to 210 months.

3. The parties' plea agreement stipulated to the three-level adjustment for acceptance of responsibility, and the court finds this adjustment to be warranted. The parties also agree that, notwithstanding the defendant's family circumstances, a section 5K2.0 departure is not warranted at this time, and no evidence has been provided to the court on this issue.

particular case." U.S.S.G. § 3B1.2 background; *see also United States v. Isaza–Zapata*, 148 F.3d 236, 238 (3d Cir.1998) (discussing same). In general, it is appropriate to consider the "nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise." *United States v. Headley*, 923 F.2d 1079, 1083–84 (3d Cir.1991) (citations, internal punctuation omitted). The Third Circuit has stated that there are two prerequisites for the application of section 3B1.2: "multiple participants and a differentiation in levels of culpability." *Isaza–Zapata*, 148 F.3d at 239.

■ In the present case, the court finds that the prerequisites for the application of a mitigating role adjustment are met. There were at least four participants in the crime, and Ms. Ortiz is relatively less culpable than are other members of the scheme. Although the government's sentencing memorandum indicates that Ms. Ortiz was not an unwitting accomplice to the conspiracy, the information provided demonstrates she was not a leading member. While Ms. Ortiz was involved to some degree in each of the incidents that form the basis for the indictment and the plea, her role was usually to carry messages or drugs back and forth among the other codefendants and the government informants. Based upon the information presented to this court, it does not appear that Ms. Ortiz organized or actively negotiated the transactions, at least not to the degree that other co-defendants did. Ms. Ortiz's relationship to the other defendants is also significant: Ms. Ortiz was the live-in girlfriend of one of the defendants, and her involvement in the conspiracy apparently derived from that relationship. According to the information provided to the court, Ms. Ortiz was not even to receive a share of the profits in the venture. In short, although Ms. Ortiz's degree of knowledge may not have been less than that of her co-defendants, both her involvement and her culpability were materially less than that of other participants. *See United States v. Price*, 13 F.3d 711, 735 (3d Cir.1994). Consequently, the court finds that Ms. Ortiz warrants a three level downward adjustment based upon her role that, while not minimal, was less than minor.

*Enhancement for Possession of a Firearm*

The sentencing guidelines provide for an enhancement of two levels if a "dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). The application notes for this section state that this enhancement "reflects the increased danger of violence when drug traffickers possess weapons." *Id.* app. note 3. This enhancement shall be applied "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." *Id.*

■ Initially, then, for such an enhancement to apply, the government has the burden of proving by a preponderance of evidence that the defendant possessed the weapon. *See United States v. Watts*, 519 U.S. 148, 157, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997) (discussing application of enhancement and stating that an acquittal on weapons charge does not bar a finding by a preponderance of the evidence that the defendant possessed the weapon in connection with a drug offense). Possession may be actual or constructive: a person who knowingly has direct physical control over an object at a given time is in actual possession of it; a person who knowingly has both the power and the intention to exercise control over an object is in constructive possession of it. *See United States v. Jenkins*, 90 F.3d 814, 817–18 (3d Cir.1996); *United States v. Pitts*, 3 F.Supp.2d 637, 639 (E.D.Pa.1998). Dominion or control, however, are not established by mere proximity. *See Jenkins*, 90 F.3d at 818. Assuming that the government demonstrates possession, the Third Circuit has held without discussion that it is the government's burden to prove that the relationship between the firearm and the drug offense is not clearly improbable. *See United States v. Price*, 13 F.3d 711, 733 (3d Cir.1994); *see also United States v. Rowland*, Crim.A. No. 93–379–01, 1996 WL 524090, *2 (E.D.Pa. Sept.16, 1996) (noting that defendant did not have burden of disproving connection).

■ In the present case, the government has not met its burden of demonstrating

either that Ms. Ortiz possessed the weapon, or that, as to Ms. Ortiz, the relationship between the firearm at issue and the drug crime was not clearly improbable. *See Pitts,* 3 F.Supp.2d at 640–41 (holding that possession was not demonstrated when no evidence linking defendant to weapon was produced). The government's sentencing memorandum states that it will not seek the enhancement for possession of a weapon, *see* Government's Sentencing Mem. at 7, and consequently it has provided no evidence on the matter. In addition, although the defendant does not have the burden of disproving this issue, the court notes that the defendant's sentencing memorandum states that Ms. Ortiz and her boyfriend had been the victims of a violent break-in of their apartment in which both were shot. *See* Defendant's Sentencing Mem. at 3. According to this representation, Ms. Ortiz's boyfriend purchased the weapon out of fear of the perpetrator of that crime. Particularly given the government's decision not to adduce proof on this matter, this unrefuted evidence provided by the defendant reinforces the court's finding that the enhancement for possession of a firearm is unwarranted.

### Application of the Safety Valve

■ Because the court finds that the defendant did not possess a firearm in connection with the offense of conviction, the safety valve provision applies to Ms. Ortiz. Section 5C2.1 restates the conditions that must be met to permit the court to apply the sentencing guidelines rather than the statutory mandatory minimum otherwise required in certain cases. These provisions state that the safety valve may be applied if

(1) the defendant does not have more than 1 criminal history point . . . ;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense . . . and was not engaged in a continuing criminal enterprise . . . ; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

U.S.S.G. § 5C1.2; *see also* 18 U.S.C. § 3553(f) (statutory articulation of same provisions).

The court finds that the defendant meets each requirement of the safety valve. She has no prior criminal history; she was not involved in any violence and did not possess a firearm; no victim suffered bodily injury; she was not a leader or organizer of the offense; and the government represents that she has complied with the final provision requiring cooperation.[4] Consequently, a two level downward adjustment shall be applied pursuant to U.S.S.G. § 2D1.1(b)(6) because the defendant's offense level is high than 26.

Applying these three determinations, the defendant's final offense level is 28, creating a guideline range of 78 to 97 months. The following order incorporates these adjustments and grants the government's motion for a downward departure from that imprisonment range.

---

**4.** Moreover, the government agrees that if the court determines that the firearm enhancement does not apply, the safety valve is appropriate. *See* Government's Sentencing Mem. at 7.